Labatjve, J.
On the 30th March, 1861, the plaintiffs and appellants, residing in this city, filed this suit against the defendant, a planter and resident of tlie parish of Carroll, alleging in substance, that petitioners, being the commission merchant of the said Ira L. Manning, had made advances to him during the years 1860 and 1861, under special agreement that the said Manning would ship his crops of cotton to them ; that, in accordance with said agreement, petitioners had advanced to him at divers times, more particularly 'set forth in the account annexed and made part of the petition, large sums of money, supplies and provisions ; that the amount now due by defendant is $25,340 61, as appears by reference to said annexed account, and tho further sum of $18,326 21, not yet due, being for acceptances ; that said Manning agreeably to said agreement, has shipped to petitioner a portion of his crop, but that he has shipped *205 tlie latter part thereof, to W est, Renshaw & Oammack, merchants of this city, and is about to divest the proceeds thereof, in order to defeat petitioners’ lien and privilege accorded by law, and to deprive them thereof pending this suit.-
They prayed for a writ of squestration, directing the sheriff to seize and take in his possession the several bales of cotton raised and shipped by said Manning, to West, Renshaw & Oammack, and now in their possession ; that said Manning be duly cited to answer this petition, and that, after due proceedings had, petitioners have a judgment for $43,666 82, with interest, and for privilege on the property sequestered or its proceeds, and for general and equitable relief.
The defendant appeared by an attorney, who filed the following exceptions :
‘ ‘ The defendant, by his counsel, comes only for the purpose of pleading exceptions to the jurisdiction of this Court and the premature institution of the suit on the demand not due, and excepts :
“ 1. That no property has been legally sequestered and held in-custody of the officer or Court, to confer jurisdiction on this Court.
‘ ‘ 2. The plaintiffs should sue the defendant at his domicile, in the parish of Carroll.
“3. Upon the demand not yet due, the action is premature, and no writ can issue to sequester the cotton.
“ Wherefore the defendant prays that the said action may be dismissed, and the sequestration granted in the same may be quashed, with costs, etc.”
The District Court sustained the second ground, as to jurisdiction of the Court and domicile of the defendant, took no notice of the other grounds, and dismissed the suit.
The plaintiff took this appeal.
It is a general rule, that one must be sued before his own judge, who' has jurisdiction over the place where he has his domicile or residence. C. P. Art. 162. To the provisions of this article there are many exceptions indicated in Articles 163 and 164 of the Code of Practice, none of which can apply to the case at bar, even by analogy. But it is contended by the plaintiffs and appellants that, as they had a privilege upon the cotton, they could sue the defendant and sequester the cotton in New Orleans, although the defendant had his domicile and residence in the parish of Carroll. There can be no doubt that the defendant could not be cited and decreed, in New Orleans, to pay plaintiff’s demand; if so, the question is, could the plaintiff obtain a sequestration of the cotton, when the Court could not give him a judgment for the debt against the defendant in personam? The amendment to Articles 274 and 275, Code of Practice, states : “The plaintiff may obtain a sequestration in all cases where he has a lien or privilege on property, upon complying with the requisites provided by law.” Revised Statutes, p. 94, g 21.
In the case of Henning v. Steamer St. Helena, 5 An. 349, where plaintiff had obtained a provisional seizure of the steamer, asking also a judgment with privilege against the vessel, and a personal judgment against her owner and captain, to pay his services as pilot of the vessel; the suit was brought in, and the defendants resided out of, New Orleans ; the pro *206 ceedings in personam were dismissed, because of the defendants’ domicile. This Court said :
“Undoubtedly, the privilege is an accessory to the principal obligation ; but it does not follow that the remedy in rem and the remedy in personam are inseparable. The mortgage creditor may seize and sell the land without resorting to the personal liability. So the pledgee may proceed to have the thing pledged judicially sold, without cumulating a prayer for personal judgment. And, in the absence of any prohibition in the Code of Practice, we see nothing unreasonable in disconnecting the enforcement of the privilege from the personal pursuit, when it is impossible to pursue both together. Where there is right, there should be a remedy; it would be a mockery to acknowledge the right, and yet send a creditor to another forum, where the enforcement of the right would be impracticable. ”
From that decision, it is clear that when a party has privilege on an object, the law and equity give him the right to enforce it, wherever the object may be found. In the case at bar the plaintiffs reside in New Orleans, and the defendant in the parish of Carroll—hundreds of miles from this city; they found the cotton, upon which they claim, privilege, in said city; where would have been the cotton, and what would have become of the same, before they could have gone to and returned from the parish of Carroll, with the necessary writ ? The answer is suggested by the conduct of the defendant.
Where the execution issues from one parish to another, the courts of the latter may enjoin the writ. 2 A. 323, 492. 4 A. 84. 5 A. 648. This is lex necessitate. In this case we see that justice and equity require disconnection of the action in personam and in rem upon the privilege. We are, therefore, of opinion,' that the personal action must be dismissed, and the action in rem sustained.
It is therefore ordered and decreed, that the judgment of the District Courtbe annulled and avoided. It is further ordered and decreed, that the personal action be dismissed and the action in rem and sequestration reinstated; that the case be remanded upon the question of privilege and sequestration, to be proceeded in according to law, the costs of appeal to be paid by the defendant and appellee, the costs below to follow the final decision.